■ In the Matter of Dock Fretwell, Individually and on Behalf of All Others Similarly Situated, et al., Respondents-Appellants, v Commissioner, Department of Agriculture and Markets et al., Appellants-Respondents, and John Napolitano, Respondent.—Cross appeals from a judgment of the Supreme Court at Special Term, entered March 8, 1976 in Albany County, which granted so much of petitioner's application, in a proceeding pursuant to CPLR article 78, as requested that the appointment of respondent John Napolitano to the position of Supervising Food Inspector be declared null and void, and denied the remainder of petitioner's application seeking class action relief and a declaration that petitioner Dock Fretwell is entitled to be appointed to the position of Supervising Food Inspector. The respondents, State officials, have also appealed from an order to show cause dated November 12, 1975, the service of which initiated these proceedings. On July 15, 1976 the petitioner Fretwell and the respondent Napolitano were employed by the State of New York as "Supervising Meat Inspectors" (Grade 19) in the classified civil service. Fretwell's original permanent appointment to the civil service was prior to the appointment of Napolitano. At the close of business on July 15, 1976, the entire meat inspecting services were terminated and the positions held by Fretwell and Napolitano were abolished. The petitioners, citing the Civil Service Law and the Rules and Regulations of the Department of Civil Service, contend in their petition

that insofar as any appointment to a position as "Supervising Food Inspector" is concerned, Fretwell would be entitled to a preference over Napolitano based on being most senior in civil service. Pursuant to section 81 of the Civil Service Law and section 4.1 of the Rules and Regulations of the Department of Civil Service (4 NYCRR 4.1), it was determined that the preferred list of former Supervising Meat Inspectors would not be eligible for appointment to the position of Supervising Food Inspector because of difference in job functions. However, the Department of Civil Service determined that those persons who were formerly "Chief Meat Inspectors" on a preferred list and those persons on the *promotion eligible list* for that position would be eligible for appointment to Supervising Food Inspector. Napolitano was on the list of those eligible for appointment to Chief Meat Inspector and Fretwell was not. The appeal by the respondents, State officials, from the ex parte order of November 12, 1975 which restrained any appointment to the position of Supervising Food Inspector is academic as it ended when the present proceeding was determined and, accordingly, the appeal should be dismissed. According to Special Term and the petitioner upon this appeal, the appointment of Napolitano was improper (a) because the persons who were on the promotion eligible list for Chief Meat Inspector were not appropriate for the position of Supervising Food Inspector as is required by section 61 of the Civil Service Law, and (b) because the promotion eligible list for Chief Meat Inspector no longer existed after the position had been abolished on July 15, 1975. The contention that the promotion eligible list on which Napolitano appeared became nonexistent when the job was abolished is without any substantial merit. The fundamental question raised in this proceeding by Fretwell is eligibility for the position of Supervising Food Inspector and not simply a question of a list. Upon the face of this record there was a distinction between the qualifications of Napolitano and Fretwell, i.e., Fretwell had not qualified for the position of Chief Meat Inspector and Napolitano was on a promotion list for that position. Attached to the answer herein was an affidavit dated December 4, 1975 by Joseph R. Healy, senior attorney in the office of counsel to the Department of Civil Service. That affidavit recites that: "the Department of Civil Service declared that the preferred list of those laid off from Chief Meat Inspector be deemed appropriate for Supervising Food Inspector. That decision upon further review, was recognized to be a mistake * * * The determination having been made and the preferred list appointment accomplished, in fairness to all those on the promotion list for Chief Meat Inspector (including Mr. Napolitano), it too would have to be allowed for consideration in making appointments to Supervising Food Inspector, upon the exhaustion of lists for that title having a higher priority." Special Term found that the above-quoted language of Healy established that the Civil Service Commission had violated section 61 of the Civil Service Law "as it is not an appointment from a list 'most nearly appropriate for the position to be filled' ". However, while the affidavit of Healy shows that in his opinion the duties of a Chief Meat Inspector were not directly comparable to the duties of a Supervising Food Inspector, it is not suggested that at the time of the appointment of Napolitano there was any other list which was *more* nearly appropriate (see *Matter of Murray v McNamara,* 303 NY 140). The point is urged that the affidavit of Healy establishes that the commission knew that the promotion list for Chief Meat Inspector was not entitled to be considered a list "most nearly appropriate" as required because it had been recognized that appointing a certain Chief Meat Inspector to the position of Supervising Food Inspector was a "mistake". The problem with accepting

this argument is that the affidavit of Healy goes on to recite that the lists used to fill the positions of Supervising Food Inspector were: "1. Existent preferred lists for Supervising Food Inspector. 2. Promotion list for Supervising Food Inspector. 3. Promotion list for Chief Meat Inspector." One possible inference to be drawn from the placement of these three lists in the Healy affidavit and from the absence of the preferred list for Chief Meat Inspector in that affidavit, is that the appointment of that certain Chief Meat Inspector to the position of Supervising Food Inspector was made on the basis that his former position was identical or similar to his new position (Civil Service Law, §§ 80, 81) rather than on the basis that the preferred list for Chief Meat Inspector was a "most nearly appropriate" list (Civil Service Law, § 61). It thus appears that the "mistake" to which the Healy affidavit refers was made concerning similarity of positions and not as to the comparable appropriateness of a list. In the case of *Matter of Henry Hudson Parkway Auth. v Kern* (167 Misc 699, 701, affd 255 App Div 770) the Special Term noted that the commission upon determining that there was a most nearly appropriate list *must* appoint from the same. The record is insufficient to establish that the appointment of Napolitano is invalid; however, it is sufficient to indicate that the commission might not be following the mandate of section 61 of the Civil Service Law.* There are no decisions, orders or certification in the record to establish the manner and methods of the determination of the Civil Service Commission. We are unable to determine whether the action of the commission was arbitrary or capricious. Special Term should not have declared the appointment of Napolitano null and void. However, remitting the matter to the Civil Service Commission for further consideration is appropriate in view of the inadequacy of the record herein. The record contains a description of the duties of the position of Chief Meat Inspector and the position held by Fretwell, Supervising Meat Inspector. It is apparent from those descriptions that the duties of a Chief Meat Inspector were much more comprehensive in the area of planning and responsibility than Fretwell's former position. Under such circumstances, the petitioners have not established that the resort to a list for Chief Meat Inspector was a ploy to accomplish the preference of Napolitano over Fretwell as former incumbents of the position of Supervising Meat Inspector. Furthermore, the record supports the determination of the Civil Service Commission that the position of Supervising Meat Inspector was not of such a nature as to establish that the incumbents thereof were adequately qualified for the position of Supervising Food Inspector. Accordingly, Special Term's denial of affirmative relief to Fretwell was appropriate. The remaining contentions of the parties have been considered and it is apparent that if the petitioners did not have standing, the result would effectively insulate "from public scrutiny, judicial oversight, and perhaps any review whatsoever" *(Matter of Burke v Sugarman,* 35 NY2d 39, 45) respondents' compliance or noncompliance with section 61 of the Civil Service Law in having selected the three particular lists and no others from which to fill Supervising Food Inspector vacancies. We are satisfied that the petitioners have a direct and legitimate interest in the manner in which the position of Supervising Food Inspector is filled and are proper parties *(Matter of Burke v Sugarman, supra).* The contention of the petitioners that class action would be appropriate is without any merit. Judgment modified, on the law

---

* Section 61, which deals with appointments and promotions, provides in pertinent part that: "Appointments and promotions shall be made from the eligible list most nearly appropriate for the position to be filled."

and the facts, by striking therefrom its first decretal paragraph which declared that the appointment of John Napolitano was null and void, subject to further review by the commission, and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.