In the Matter of the Claim of EDWARD J. RAYMUS, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Appellant.

Third Department, June 14, 1984

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Steven A. Segall* and *Jonathan Irons* of counsel), for appellant.

*Donald W. Boyajian* for respondent.

OPINION OF THE COURT

YESAWICH, JR., J.

Claimant gave up his job as night bartender at the Rome Elks Club because he was dissatisfied with the manner in which he was supervised, the security of his position and the method used to calculate his wages. He normally worked a 48-hour week (occasionally putting in an additional hour or two) for which he was paid $180, arrived at as follows: $3.75 per hour for all hours worked, including overtime (hours in excess of 40). The board determined that claimant had good cause to voluntarily leave his employment solely because of the way in which his wages were computed. In its view, the New York State Minimum Wage Act (Labor Law, art 19) required payment of $5.02 (i.e., 1½ times the minimum wage rate of $3.35 an hour)

for each hour of overtime without regard to claimant's hourly rate of pay in the first 40 hours of his work week. Inasmuch as claimant received $3.75 an hour for overtime and his rightful hourly overtime rate, according to the board, was $5.02, claimant should have been paid $190.20 per week; therefore, he had good cause to leave for he was earning less than that to which he was entitled by law.

The Commissioner of Labor's position that there had been no violation of the Minimum Wage Act, and hence claimant was disqualified from receiving benefits, was rejected by the board. In the Commissioner's view, the minimum wage for 48 hours of work in one week is $174.20, arrived at in the following fashion: $3.35 an hour for the first 40 hours and 1½ times that amount, or $5.025 per hour, for the additional hours. Since claimant's actual weekly wages exceeded his minimum weekly wage, the Commissioner concluded that the Minimum Wage Act had been complied with.

On appeal, both parties agreed that the minimum wage order for the restaurant industry (12 NYCRR 137-1.4), which specifies that the overtime rate is "[o]ne and one-half times the *full-time hourly rate*" as distinguished from the overtime rate of "one and one-half times the *basic minimum hourly rate*" applicable to miscellaneous industries and occupations (12 NYCRR 142-2.2; emphasis added), is the pertinent regulation. And since the term "restaurant industry", as defined in 12 NYCRR 137-3.1 (a), "includes any eating or drinking place that prepares and offers food or beverage for human consumption * * * on any of its premises * * * to members or guests of members", the Rome Elks Club is clearly subject to the regulations of the restaurant industry. That being so, the board acted erroneously when it resorted to 12 NYCRR 142-2.2 to compute claimant's overtime rate.

We are fully mindful of the principle that, in reviewing an administrative determination, we are limited solely to the grounds invoked by the agency and if those grounds are insufficient or improper, we are powerless to sanction the determination by substituting what we deem to be a more appropriate or proper basis (*Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 593). Nevertheless, we find an affirmance of the board's decision to be in

order. Regardless of whether claimant's overtime pay is, as we believe, 1½ his regular or full-time rate (12 NYCRR 137-1.4) or, as the Commissioner ruled, 1½ times the basic minimum hourly rate (12 NYCRR 142-2.2), the board's determination that claimant had a compelling reason to leave his employment because he was underpaid has ample support in the record.

The decision should be affirmed, without costs.

KANE, J. P., MAIN, MIKOLL and HARVEY, JJ., concur.

Decision affirmed, without costs.