(September 20, 1999)

■ CAMILLA BALLARD, Appellant, v COMMUNITY HOME CARE REFERRAL SERVICE, INC., Respondent, and ATTORNEY GENERAL OF THE STATE OF NEW YORK, Intervenor-Respondent. [695 NYS2d 130] —In an action, *inter alia,* to recover damages for unpaid overtime wages, the plaintiff appeals from stated portions of an order of the Supreme Court, Kings County (Garry, J.), dated April 6, 1998, which denied those branches of her motion which were (a) to strike certain affirmative defenses, (b), in effect, for summary judgment on the cause of action for a judgment declaring that the purported class is entitled to overtime wages, and (c) for an extension of time to move for class action certification.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff contends that she is entitled to 1½ times her regular hourly rate of pay for those hours she worked overtime while in the defendant's employ as a home health care aide. The Supreme Court properly denied those branches of the plaintiff's motion which were to dismiss the second and third affirmative defenses based on the plaintiff's alleged exempt status to receive overtime at 1½ times her hourly rate.

There are no provisions governing overtime compensation in the New York State Labor Law. Instead, Labor Law § 653 specifically provides that the Commissioner of Labor has the power to investigate the sufficiency of the minimum wage, and if the Commissioner is of the opinion that the minimum wage is insufficient, he must appoint a wage board to inquire into and report and recommend adequate minimum wages. In addition to making recommendations regarding minimum wages, the wage board may recommend such regulations as it deems appropriate with respect to, *inter alia,* overtime rates (*see,* Labor Law § 655 [5] [b]).

In accordance with these empowering statutes, the Commissioner of Labor determined that some form of overtime compensation was appropriate and issued the Miscellaneous Wage Order found at 12 NYCRR 142-2.2. The wage order states in relevant part that: "An employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular

rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 USC 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended (29 USC §§ 207, 213); provided, however, that the exemptions set forth in section 13 (a) (2) and (a) (4) of such act shall not apply. In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to section 13 (a) (2) and (a) (4) of such act, overtime at a wage rate of 1½ times the basic minimum hourly rate". The Federal Fair Labor Standards Act (hereinafter the FLSA) provides that an employee working in excess of 40 hours per week must be paid at 1½ times his or her regular rate for the excess hours (*see,* 29 USC § 207), unless, *inter alia,* the worker is performing "companionship services for individuals who (because of age or infirmity) are unable to care for themselves" (29 USC § 213 [a] [15]). The companion exception has been interpreted to include home health care aides and similar employees involved in the day-to-day care of aged or infirm individuals, and whose work includes preparing meals, making beds, washing clothes, and related domestic services (*see, e.g.,* 29 CFR 552.6; *Cox v Acme Health Servs.,* 55 F3d 1304).

Because the plaintiff was engaged as a home health care aide, her right to overtime compensation is strictly and solely defined by the Miscellaneous Wage Order, which is based upon the FLSA. Accordingly, she is not entitled to receive 1½ times her regular hourly wage as overtime compensation.

We note in passing that the plaintiff is neither suing the State, nor alleging any violation of the FLSA by the State, so that the instant matter is not governed by the recent decision of the United States Supreme Court in *Alden v Maine* (527 US 706).

The plaintiff's further contention that the court erred in denying that branch of her motion which was to strike the affirmative defense that her claims could not be brought as a class action is also without merit. The fact that the plaintiff's complaint contains a claim for liquidated damages precludes class action relief (*see,* CPLR 901 [b]).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Ritter, Altman and Friedmann, JJ., concur.