■ In the Matter of PAUL C. MAGGIO, Doing Business as PATCHOGUE NURSING CENTER, Appellant, v BARBARA A. DE-BUONO, as Commissioner of Health of the State of New York, et al., Respondents. [716 NYS2d 708] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review determinations of the respondents, dated August 7, 1998, and October 28, 1998, respectively, reducing the petitioner's Medicaid reimbursements, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Klein, J.), entered September 30, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to review those portions of the determinations dated August 7, 1998, and October 28, 1998, respectively, which reduced the petitioner's Medicaid reimbursements on the ground that certain patients did not qualify for restorative therapy and that branch of the petition is reinstated; as so modified the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The respondents reduced the petitioner's Medicaid reimbursements based upon audits by an independent contractor finding that certain patients classified as eligible for restorative therapy were either misclassified or were not receiving the requisite amount of therapy. The petitioner contends that the respondents' determination was arbitrary and capricious.

The respondents' determination that the petitioner should not be reimbursed for providing restorative therapy to patients who did not receive the requisite therapy cannot be deemed arbitrary and capricious. The minimum amounts of therapy are set forth in guidelines published by the New York State Department of Health, Division of Health Care Financing. The requirement that therapy be provided "during the past four weeks" is included in the instructions for completing each patient's "patient review instrument," set forth in 10 NYCRR 86-2.30. The respondents' interpretation of their own regulations is entitled to great deference unless it is unreasonable or irrational (*see, Matter of Rodriguez v Perales,* 86 NY2d 361, 367; *Matter of Consolation Nursing Home v Commissioner of New York State Dept. of Health,* 85 NY2d 326).

The respondents' guidelines are intended to set the minimum level of therapy required. It has been noted that facilities with a pattern of providing only a minimum level of therapy "may be targeted for medical review and other audit activities" (65 Fed Reg 46774). Failure to provide the minimum level of therapy, for whatever reason, constitutes a rational basis for denying reimbursement for services not provided.

However, we cannot determine on this record whether the respondents' reclassification of patients as not eligible for restorative therapy, allegedly against doctors' orders, had a rational basis. The respondents assert that these reclassifications were performed by registered nurses employed by an independent contractor hired to do the audit. They allege that the auditors submitted documentation in support of their findings, but that documentation is not in the record.

In view of the foregoing, the record does not contain sufficient information to review whether the respondents' determination to reclassify patients based on the auditors' findings is arbitrary and capricious (*see, Matter of Talbot v Ward,* 248 AD2d 544; *Matter of Fretwell v Commissioner Dept. of Agric. & Mkts.,* 57 AD2d 986; *Matter of Mandle v Brown,* 4 AD2d 283, *affd* 5 NY2d 51).

Accordingly, the judgment is modified by deleting the provision thereof which denied that branch of the petition which was to review the respondents' determination that certain patients were not eligible to receive restorative therapy. The matter is remitted to the Supreme Court, Suffolk County, for further proceedings, at which the respondents should reveal the bases for the auditors' conclusions that certain patients were not eligible for restorative therapy, and the petitioner should be given an opportunity to establish that those bases were without foundation. Friedmann, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.