■ In the Matter of PAUL C. MAGGIO, Doing Business as PATCHOGUE NURSING CENTER, Respondent, v BARBARA A. DE-BUONO et al., Appellants. [771 NYS2d 543]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the appellant Barbara A. DeBuono, the Commissioner of Health of the State of New York, dated October 28, 1998, reducing the petitioner's Medicaid reimbursements, the appeal is from an order of the Supreme Court, Suffolk County (Klein, J.), entered November 28, 2001, which granted the petition to the extent that it annulled and vacated the determination, enjoined the appellants from seeking to enforce the reduced rates, and directed the appellants to recalculate rates consistent with the order.

Ordered that on the Court's own motion the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified by (1) deleting the provision thereof which determined that the "actual improvement" standard used to determine if a patient was properly categorized as receiving restorative therapy was arbitrary and capricious, and (2) deleting the provision thereof which determined that the reclassification of the two patients receiving only an exercise regime was arbitrary and capricious and directed the appellants to recalculate rates consistent with the determination of the Supreme Court, and substituting therefor a provision dismissing the proceeding as to those two patients; as so modified, the order is affirmed, with costs to the appellants.

The petitioner, Paul C. Maggio, doing business as Patchogue Nursing Center (hereinafter PNC), a residential health care facility in Suffolk County, commenced this proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Department of Health (hereinafter the DOH) to reduce a component of its Medicaid reimbursement. PNC sought to annul the determination of the appellant Barbara A. DeBuono, the Commissioner of Health of the State of New York, adjusting its case-mix index number based on alleged misclassifications revealed in an audit of patient review instrument data conducted by the DOH and the rate computation sheets

included with an October 28, 1998, determination. The DOH found that PNC had improperly categorized six patients as receiving restorative therapy instead of maintenance therapy. The DOH reduced PNC's reimbursement rate accordingly.

The Supreme Court denied the petition and dismissed the proceeding, finding that PNC failed to show that the rate calculations were arbitrary and capricious. PNC appealed, and this Court concluded that there was insufficient information in the record to determine if the appellants acted arbitrarily and capriciously, and remitted the matter to the Supreme Court, Suffolk County, for further proceedings (see Matter of Maggio v DeBuono, 277 AD2d 456 [2000]).

Upon remittitur, the appellants explained that two patients were reclassified as receiving maintenance therapy because they were receiving only an "exercise regime," which did not require a licensed therapist and would not result in improved functional status, and the remaining four patients were reclassified because they had not shown actual improvement during the audit period.

PNC renoticed the petition, and challenged the appellants' use of the "actual improvement" standard to determine if a patient received restorative therapy, as well as the appellants' determination that an exercise regime did not constitute restorative therapy. The Supreme Court concluded that the appellants' decision to reclassify the subject patients lacked a rational basis, and accordingly granted the petition to the extent of annulling and vacating the determination, enjoining the appellants from seeking to enforce the reduced rates, and directing the appellants to recalculate rates consistent with the order.

As to the merits, an administrative agency's interpretation of its own regulations is entitled to great deference, unless it is unreasonable or irrational (see Matter of Marzec v DeBuono, 95 NY2d 262 [2000]). The central issue, as presented on appeal, is whether the appellants' actual improvement standard for the restorative therapy classification is a rational interpretation of the existing state Medicaid regulations (see 10 NYCRR 86-2.30). The Court of Appeals has found that it is (see Matter of Elcor Health Servs. v Novello, 100 NY2d 273 [2003]).

In Elcor, the Court of Appeals determined that the Public Health Law supported the actual improvement standard, which would encourage "efficiently and economically operated facilities" (Public Health Law § 2807 [3]) by allowing reimbursement only for those patients who were properly provided restorative therapy, and, as a result, showed actual improvement. The Court of Appeals also determined that, although the DOH's interpre-

tation of the qualifier "to require the plan of care to demonstrate that the patient has potential for improvement at the beginning of therapy and the progress notes to demonstrate actual improvement during therapy" (*Matter of Elcor Health Servs. v Novello, supra* at 280) may not be the most natural reading of the regulation, it did not conflict with the plain language of the regulation, was not arbitrary and capricious, and thus should not be disturbed.

However, as PNC contends, the appellants' reclassification of restorative therapy patients who showed no actual improvement as maintenance therapy patients was arbitrary and capricious. Thus, to the extent the order annulled and vacated the determination, enjoined the appellants from seeking to enforce the reduced rates, and directed the appellants to recalculate the rates on this basis, the order should be affirmed. The PRI instructions state in bold print that "IF ANY ONE OF THE QUALIFIERS UNDER QUALIFIERS FOR LEVELS 2 (maintenance therapy) OR 3 (restorative therapy) IS NOT MET" the evaluator must "ENTER LEVEL 4." There is no rational reading of the regulations which would authorize the appellants to reclassify such patients as maintenance therapy. Thus, those patients classified as eligible for restorative therapy who did not meet the actual improvement standard should not have been reclassified as Level 2.

As to the remaining two patients who were reclassified because they received only an exercise regime, there was no basis for the Supreme Court to find that the reclassification was arbitrary and capricious. Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.