**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 12 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DENNIS WAYNE OSBORNE;
KAREN FRANCO,

      Plaintiffs-Appellants,

v.

ENCHANTMENT AVIATION, INC.,
doing business as Southwest Air
Ambulance, a New Mexico
corporation,

      Defendant-Appellee.

No. 03-2271
(D.C. No. CIV-02-1310 MV/LCS)
(D. N.M.)

ORDER AND JUDGMENT *

Before **SEYMOUR** and **ANDERSON** , Circuit Judges, and **KANE** ,** Senior
District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\**     The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Dennis Osborne and Karen Franco appeal from the district court's grant of summary judgment in favor of defendant Enchantment Aviation, Inc., d/b/a Southwest Air Ambulance (Southwest). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Southwest operates an air ambulance service throughout New Mexico and western Texas. It is an air carrier certified by the Federal Aviation Commission, and it derives 100% of its revenue from providing air ambulance services. Each of Southwest's air ambulances are generally staffed with an emergency medical technician paramedic (EMTP) and a registered nurse (RN).

After Mr. Osborne, an EMTP, and Ms. Franco, an RN, ceased working for Southwest, they filed suit under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, asserting that they were denied overtime compensation in violation of section 207(a)(1) of the FLSA. Plaintiffs further asserted that section 213(b)(3) of the FLSA, exempting from section 207's overtime requirements any employee of an air carrier subject to title II of the Railway Labor Act (RLA), 45 U.S.C. §§ 181-188, was not applicable to them because the RLA, in plaintiffs' words, "hinges upon the existence of a union and a collective bargaining agreement being in place," Aplt. App. at 31, and plaintiffs were neither union members nor subject

-2-

to a collective bargaining agreement.  The district court rejected plaintiffs' argument, concluding that Southwest was entitled to summary judgment as a matter of law.  This appeal followed.

We review the district court's grant of summary judgment de novo, "drawing all reasonable inferences in favor of the nonmovant." *Hiner v. Deere & Co.*, 340 F.3d 1190, 1192-93 (10th Cir. 2003) (bracket omitted).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Plaintiffs raise two issues on appeal.  First, they maintain that Southwest violated section 207(a)(1) of the FLSA, contending that the RLA does not apply to air carrier employees who are neither union members nor subject to a collective bargaining agreement.  Second, they allege that the district court erred in relying on *Slavens v. Scenic Aviation, Inc.*, No. 99-4197, 2000 WL 985933 (10th Cir. July 18, 2000) (unpublished), because *Slavens* is not binding, and it did not resolve whether the RLA applies to air carrier employees outside the organized labor setting.

"The construction and applicability of a federal statute is a question of law, which we review de novo." *Rosette Inc. v. United States*, 277 F.3d 1222, 1226

-3-

(10th Cir. 2002). Where, as here, "the language is clear and unambiguous, then the plain meaning of the words must be given effect." *Resolution Trust Corp. v. Love*, 36 F.3d 972, 976 (10th Cir. 1994).

After carefully reviewing the parties' briefs, the record, and the law, we conclude that the district court correctly held that the plain text of the FLSA exemption at issue, § 213(b)(3), and of the RLA, "make it clear that Southwest is an air carrier excused from the FLSA's overtime pay provisions." Aplt. App. at 52. We therefore AFFIRM the district court's judgment for the reasons stated in its memorandum opinion and order dated September 30, 2003.

Finally, because our disposition would be the same whether the district court had cited *Slavens* or not, it is beside the point that *Slavens* is unpublished and that it did not consider whether the RLA applies to air carrier employees outside the organized labor setting.

Entered for the Court


John L. Kane
Senior District Judge

-4-