■ QUEENS BOULEVARD EXTENDED CARE FACILITY, INC., Appellant, v DENNIS WHALEN et al., Respondents. [790 NYS2d 59]—

In an action, inter alia, for a judgment declaring the manner in which the defendants performed an audit of the plaintiff's patient review instrument and the resulting Medicaid reimbursement rate violated federal and state law and that the resulting medicaid reimbursement rate was null and void, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated July 16, 2003, which denied its motion for partial summary judgment and granted the defendant's cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the manner in which the defendants performed the audit of the plaintiff's patient review instrument and the resulting Medicaid reimbursement rate did not violate federal or state law, and the resulting Medicaid reimbursement rate was valid.

The plaintiff, Queens Boulevard Extended Care Facility, Inc., is a long-term health care, nursing, and rehabilitation facility and a participating provider in the Medicaid reimbursement program. The plaintiff commenced this action, inter alia, for declaratory relief, asserting, among other things, that the Department of Health (hereinafter the DOH) altered published definitions and qualifiers regarding the definitions of "restorative therapy" in 10 NYCRR 86-2.30 (i) (27), to require "actual improvement" by a patient before the plaintiff could receive reimbursement for restorative therapy. The plaintiff contended, among other things, that the DOH irrationally interpreted the qualifier which stated that the therapy plan of care and progress notes must show that the patient has the "potential [for improved functional status]/is improving" to mean that the therapy plan must show the patient's potential for improvement and the patient's progress notes must show actual improvement in order to qualify as restorative therapy, thus, carrying a higher Medicaid reimbursement rate. The plaintiff further contended that the DOH erred in its application of its requirement for actual improvement during the DOH audit, as a blind audit conducted by its own expert allegedly revealed that over 95% of the controverted residents who received restorative therapy by the plaintiff showed actual improvement. The plaintiff moved for partial summary judgment, inter alia, declaring that the manner in which the defendants performed the audit and the resulting Medicaid reimbursement rate violated federal and state law and that the resulting Medicaid reimbursement rate was null and void. The defendants cross-moved for summary judgment. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. We affirm.

An administrative agency's interpretation of its own regulations is entitled to great deference, unless it is unreasonable or irrational (see Matter of Marzec v DeBuono, 95 NY2d 262 [2000]). The central issue, as presented on appeal, is whether the actual improvement standard of the DOH for the restorative therapy classification was a rational interpretation of the existing state Medicaid regulations (see 10 NYCRR 86-2.30). The Court of Appeals has found that it is (see Matter of Elcor Health Servs. v Novello, 100 NY2d 273 [2003]).

In Elcor, the Court of Appeals determined that the Public Health Law supported the actual improvement standard, which would encourage "efficiently and economically operated facilities" (Public Health Law § 2807 [3]) by allowing reimbursement only for those patients who were properly provided restorative

therapy, and, as a result, showed actual improvement. The Court of Appeals also determined that, although the interpretation of the DOH of the qualifier "to require the plan of care to demonstrate the patient has potential for improvement at the beginning of therapy and the progress notes to demonstrate actual improvement during therapy" (*Matter of Elcor Health Servs. v Novello, supra* at 280) may not be the most natural reading of the regulation, it did not conflict with the plain language of the regulation, was not arbitrary and capricious, and thus should not be disturbed (*see Matter of Maggio v DeBuono,* 4 AD3d 362 [2004]).

Further, the interpretation of the DOH of the qualifier did not violate federal law (*see e.g. Concourse Rehabilitation & Nursing Ctr. Inc. v Whalen,* 249 F3d 136 [2001]).

Contrary to the plaintiff's contention, in opposition to the defendants' prima facie establishment of their entitlement to judgment as a matter of law, it failed to raise a triable issue of fact as to whether the DOH incorrectly applied the actual improvement standard (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). .

The plaintiff's remaining contentions either are without merit or have been rendered academic in light of our determination.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that the manner in which the defendants performed the audit of the plaintiff's patient review instrument and the resulting Medicaid reimbursement rate did not violate federal or state law, and the resulting Medicaid reimbursement rate was valid (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.