■ SEENARAINE SEENARAINE, Appellant, v SECURITAS SECURITY SERVICES USA, INC., Respondent. [830 NYS2d 728]—

In an action, inter alia, to recover unpaid wages, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), entered November 18, 2005, which granted those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against his former employer alleging, inter alia, that he was owed "spread-of-hours" compensation pursuant to a minimum wage order promulgated by the Commissioner of the Department of Labor (12 NYCRR 142-2.4). The defendant moved, inter alia, to dismiss the complaint, arguing that payroll records demonstrated that the plaintiff was paid more than the compensation required by the spread-of-hours regulation. The plaintiff opposed the motion, arguing that the defendant's calculations were incorrect because they were based on a flawed interpretation of the regulation. The Supreme Court granted those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). We affirm.

The interpretation of the spread-of-hours regulation advanced by the defendant is based upon the regulation and opinions promulgated by the New York State Department of Labor (see *Franklin v Breton Intl., Inc.*, 2006 WL 3591949, *4, 2006 US Dist LEXIS 88893, *11 [SD NY, Dec. 11, 2006]; *Chan v Triple 8 Palace, Inc.*, 2006 WL 851749, *21, 2006 US Dist LEXIS 15780, *74 [SD NY, Mar. 31, 2006]; *Doo Nam Yang v ACBL Corp.*, 427 F Supp 2d 327 [2005]; *Moon v Kwon*, 248 F Supp 2d 201 [2002]; 3 Sulds, New York Employment Law § 35.02 [4] [2d ed]). An agency's interpretation of its own regulation is entitled to deference unless it is unreasonable or irrational (see *Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health*, 5 NY3d 499 [2005]; *Queens Blvd. Extended Care Facility, Inc. v Whalen*, 15 AD3d 378 [2005]). However, the courts are not required to embrace a regulatory construction that conflicts with the plain meaning of the promulgated language (see *Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health, supra*). Here, the Department of Labor's inter-

pretation of the regulation is neither unreasonable nor irrational, nor is it in conflict with the plain meaning of the promulgated language. Thus, it is entitled to deference. Contrary to the plaintiff's contention, we find nothing in *Matter of Raymus (Roberts)* (102 AD2d 154 [1984]) to compel a different result. Accordingly, the plaintiff was not owed spread-of-hours compensation under the regulation.

The plaintiff's remaining contentions are without merit or need not be reached in light of our determination. Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.