Nicole JENKINS, Individually and on Behalf of All Other Persons Similarly Situated, Plaintiffs,

v.

HANAC, INC., and Home Services, Inc.,[1] Defendants.

No. 06–CV–3592(SJF) JMA.

United States District Court, E.D. New York.

June 20, 2007.

Fran L. Rudich, Law Offices of Gene Locks, PLLC, Jeffrey M. Gottlieb, Berger & Gottlieb, New York City, for Plaintiffs.

John Anthony Snyder, II, Allison C. Spivak, Jackson Lewis LLP, New York City, for Defendants.

**OPINION & ORDER**

FEUERSTEIN, District Judge.

I. Introduction

On July 21, 2006, plaintiff Nicole Jenkins ("Plaintiff" or "Jenkins") filed a class and collective action complaint against defendants HANAC, Inc. and Home Services, Inc. (collectively "Defendants") pursuant

1. The Defendants were incorrectly named in the complaint. The Court has amended the caption to reflect the proper names. The Clerk of the Court is directed to amend the docket sheet.

to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and New York Labor Law § 650 *et seq.* Plaintiff alleges, *inter alia*, that Defendants violated New York Labor Law by failing to pay her for an additional hour at the minimum hourly wage for each day on which the number of hours between her arrival and departure times ("spread of hours") exceeded ten (10). On November 3, 2006, Defendants moved, pursuant to Fed.R.Civ.P. 12(b)(6), for dismissal of Plaintiff's "spread of hours" claim. Defendants contended that the "spread of hours" regulation does not apply to Plaintiff.

On May 15, 2007, the Court gave notice to the parties that it intended to convert Defendants' motion to dismiss into a motion for partial summary judgment pursuant to Fed.R.Civ.P. 56. The Court granted the parties thirty (30) days to serve and file any additional affidavits and evidentiary materials. On June 14, 2007, Defendants submitted a supplemental letter brief to the Court. Plaintiff made no further submission to the Court.

For the reasons set forth below, Defendants' motion for partial summary judgment is granted.

## II. Facts

Defendants employ home health aides to provide home health care services to Defendants' clients who are unable to care for themselves. Jenkins was employed by Defendants as a home health aide from July 2003 through March 2005.

It is uncontested that Jenkins was paid a base rate of pay in excess of the New York State minimum wage which was five dollars and fifteen cents ($5.15) per hour in 2003 and 2004 and six dollars ($6.00) per hour in 2005. Jenkins was paid eight dollars and forty nine cents ($8.49) per hour from the commencement of her employment through October 23, 2003; eight dollars and seventy seven cents ($8.77) per hour from October 25, 2003 through December 31, 2004; and nine dollars and ten cents ($9.10) per hour from January 1, 2005 through the cessation of her employment. *See* Affidavit of Gail Carmichael ¶¶ 3–5. Defendants have also submitted an uncontested "Payroll Detail Summary" for Plaintiff. *See id.* at Ex. 1. The summary details the days she worked, the amount of hours she worked, and the rate of pay she received from the commencement through the cessation of her employment. *See id.*

## III. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material "if it might affect the outcome of the suit under the governing law." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir.2001). An issue of fact is genuine only if a jury could reasonably find in favor of the nonmoving party based on that fact. *Id.* The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The trial court is required to construe the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in its favor. *Id.* at 252, 106 S.Ct. 2505; *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir.1996).

## IV. Analysis

Section 142–2.4 of New York's Official Compilation of Codes, Rules and Regulations states in relevant part:

An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required ... for any day in which:

(a) the spread of hours exceeds 10 hours; or

(b) there is a split shift; or

(c) both situations occur.

N.Y. Comp.Codes R. & Regis. tit. 12, § 142–2.4(a).

"Spread of hours" is defined as "the interval between the beginning and end of an employee's workday." *Id.* § 142–2.18. "The spread of hours for any day includes working time plus time off for meals plus intervals off duty." *Id.*

Defendants have submitted opinion letters from the New York State Department of Labor which state that the "spread of hours" regulation does not apply to an employee whose workday is in excess of ten (10) hours if his or her total daily compensation exceeds the New York State minimum wage multiplied by the number of hours he or she worked plus one (1) additional hour at the minimum wage. *See* Defs.' Mem. of Law at 3–4. Stated another way, if an employee's total weekly compensation is equal to or greater than the total minimum wages due the employee for that workweek, including compensation for an additional hour for each day in which the "spread of hours" exceeds ten (10), no additional payments are due the employee because the employee earns sufficiently more than the statutory minimum wage.

Based upon this interpretation, Defendants contend that Plaintiff is not entitled to receive "spread of hours" compensation. While no court in this district has addressed the issue, courts in the Southern District of New York are currently divided as to whether a deferential standard should be applied to the opinions of the New York State Department of Labor, and hence, whether the regulation applies if an employee earns sufficiently more than the statutory minimum wage. *See Doo Nam Yang v. ACBL Corp.*, 427 F.Supp.2d 327, 339–340 (S.D.N.Y.2005) (Sand, J.) (not deferring); *Chan v. Triple 8 Palace, Inc.*, No. 03 Civ. 6048, 2006 WL 851749, at *21 (S.D.N.Y. Mar. 30, 2006) (Lynch, J.) (deferring); *Franklin v. Breton Intern., Inc.*, No. 06 Civ. 4877, 2006 WL 3591949, at *4 (S.D.N.Y. Dec. 11, 2006) (Cote, J.) (deferring); *Espinosa v. Delgado Travel Agency, Inc.*, No. 05 Civ. 6617, 2007 WL 656271, at *1–2 (S.D.N.Y. March 1, 2007) (Scheindlin, J.) (deferring). However, the regulation is contained in the section of the labor standards regulations entitled "Minimum Wage Orders for Miscellaneous Industries and Occupations," and "by its own terms is concerned only with ensuring an additional amount above the '*minimum* wage' when certain conditions are met." *Chan*, 2006 WL 851749, at *21 (quoting N.Y. Comp. Codes R. & Regis. tit. 12, § 142–2.4(a) (emphasis added)). "It is therefore to be expected that the provision will not affect workers whose total weekly compensation is already sufficiently above the minimum rate." *Id.* Moreover, the Supreme Court of the State of New York, Appellate Division, Second Judicial Department recently held that the Department of Labor's interpretation of the regulation is entitled to deference as it is neither unreasonable, nor irrational, nor in conflict with the regulations's plain meaning. *See Seenaraine v. Securitas Sec. Services USA, Inc.*, 37 A.D.3d 700, 830 N.Y.S.2d 728 (App.Div.2d. Dep't.2007).

Based upon the foregoing, I concur with the interpretation that the regulation "does not ensure additional compensation to employees whose wages sufficiently exceed [the minimum wage] floor." *Espinosa*, 2007 WL 656271, at *2.

Examining the uncontested figures in Plaintiff's "Payroll Detail Summary," and applying the formulas applied by Judge

Scheindlin in the *Espinosa* case, it is clear that there is no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law. *See Espinosa v. Delgado Travel Agency, Inc.*, No. 05 Civ. 6617, 2007 WL 1222858 (S.D.N.Y. April 24, 2007) (on reconsideration in part). Plaintiff's salary sufficiently exceeded the statutory minimum wage required throughout her employment, and therefore, she is not entitled to receive an additional hour at the minimum rate for the days in which her "spread of hours" exceeded ten (10).[2] Accordingly, Plaintiff's "spread of hours" claim is dismissed.

## V. Conclusion

For the reasons set forth above, Defendants' motion for partial summary judgment is GRANTED. The parties are directed to appear for a conference at the Brooklyn Courthouse, 225 Cadman Plaza East, Brooklyn, N.Y. on *Monday, June 25, 2007, at 11:30 a.m.*

IT IS SO ORDERED.

2. In fact, in her response to Defendants' motion, Plaintiff does not contend that she was entitled to receive "spread of hours" pay under the New York State Department of Labor's interpretation of the regulation.