*346 OPINION OF THE COURT
Carolyn E. Demarest, J.
Plaintiff Glenn Edwards brings this putative class action against defendant Jet Blue Airways Corporation on behalf of himself and similarly situated Jet Blue employees for violation of Labor Law, article 19, § 650 et seq. and its supporting regulations. Jet Blue moves pursuant to CPLR 3211 to dismiss plaintiffs class action complaint. For the reasons set forth below defendant’s motion is denied.
Background
In July 2001 Jet Blue hired the plaintiff as a ground operations agent and baggage handler. It is alleged, and apparently undisputed, that since October 2001 Jet Blue has maintained a policy where employees are paid at only their regular rate for hours worked over 40 that are exchanged with coworkers. The defendant’s motion papers do not explain how this policy works, why it was implemented or what constitutes an “hour exchanged with a co-worker.” The plaintiff also fails to explain how the policy operates and merely states that the policy exists. In fact, neither party has submitted any factual affidavits supporting their positions and rely solely on their memoranda of law. The parties also concede that “no Class member [including plaintiff] is employed pursuant to a collective bargaining agreement.” (Complaint 1i 99.)
Notwithstanding Jet Blue’s policy, plaintiff claims that, under administrative regulations promulgated under Labor Law, article 19, § 650 et seq., he is entitled to pay at IV2 times his hourly rate for all hours worked over 40 in a single week (12 NYCRR 142-2.2). He does not allege, however, that Jet Blue has inadequately compensated him for the hours he worked over 40 that were not exchanged with his coworkers. Although plaintiff claims that Jet Blue’s overtime policy was implemented in October of 2001, he has only annexed documentation showing compensation paid to him between January 1, 2006 and June 16, 2007. Furthermore, he alleges that he was improperly compensated only for that time period.
Jet Blue has moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), asserting that plaintiff is not entitled to receive an increased overtime rate for any hours worked over 40 due to the exemptions set forth in the applicable statutes and regulations. (See 12 NYCRR 142-2.2; see also 29 USC § 213 [b] [3].)
*347 Discussion
On a motion to dismiss pursuant to CPLR 3211 the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every possible favorable inference. (Campaign for Fiscal Equity v State of New York, 86 NY2d 307, 318 [1995]; see also Sokoloffv Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001].) While bare legal conclusions or factual allegations contradicted by documentary evidence are not given the same consideration (see SRW Assoc, v Bellport Beach Prop. Owners, 129 AD2d 328, 330 [2d Dept 1987]; see also Maas v Cornell Univ., 94 NY2d 87, 91 [1999]), the role of the court is to “determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Therefore, the complaint must be declared legally sufficient if the court determines that plaintiffs are entitled to relief on any reasonable view of the facts stated. (Campaign for Fiscal Equity, 86 NY2d at 318.)
Labor Law article 19 is New York State’s Minimum Wage Act. As part of the act, Labor Law § 653 allows the Commissioner of Labor to appoint a Wage Board to investigate the adequacy of wages and recommend appropriate wage rates. (Labor Law § 653 [1]; see also Ballard v Community Home Care Referral Serv., 264 AD2d 747, 747 [2d Dept 1999].) The Wage Board may also recommend that the Commissioner of Labor promulgate overtime rate regulations. (Labor Law § 655 [5] [b].) In accordance with this scheme, the Commissioner of Labor enacted 12 NYCRR 142-2.2 which provides:
“An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee’s regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938 ... In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, . . . overtime at a wage rate of one and one-half times the basic minimum hourly rate.”
The regulation further provides that the overtime rate set forth therein shall be paid to all nonresidential employees working over 40 hours in a single workweek. (Id.)
Jet Blue alleges that it is not required to pay plaintiff IV2 times his regular rate for any time spent working over 40 hours because 12 NYCRR 142-2.2 incorporates the exemptions set *348 forth in section 213 of the Fair Labor Standards Act (FLSA) (29 USC § 207). Section 207 of the FLSA, like 12 NYCRR 142-2.2, sets forth the general rule that employees are required to be paid overtime at a rate of l1/2 times the employee’s regular rate for all hours worked over 40 in a single workweek (29 USC § 207 [a] [2]). However, section 213 of the FLSA dictates that section 207 does not apply to “any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act” (29 USC § 213 [b] [3]).
The Railway Labor Act (45 USC § 151 et seq. [RLA]) was extended in 1936 to include the airline industry by adding the following section (45 USC § 181):
“All of the provisions of subchapter I of this chapter except section 153 of this title are extended to and shall cover every common carrier by air engaged in interstate or foreign commerce, and every carrier by air transporting mail for or under contract with the United States Government, and every air pilot or other person who performs any work as an employee or subordinate official of such carrier or carriers, subject to its or their continuing authority to supervise and direct the manner of rendition of his service.”
This motion hinges on the application of 12 NYCRR 142-2.2 and the FLSA exemptions expressly incorporated therein, specifically, FLSA § 213 (b) (3), which references the RLA. In Horkan v Command Sec. Corp., the Appellate Division, Second Department, in determining the applicability of the exemption contained in FLSA § 213 (b) (3), limited its inquiry to whether plaintiff was an employee of a carrier by air (285 AD2d 529, 530-531 [2d Dept 2001]). The Court found that the FLSA exemption applied because plaintiffs “performed work as subordinate officials under the supervision of a carrier by air” (id. at 531). Similarly, when applying FLSA § 213 (b) (3) and the RLA together, other courts have considered only whether the employer, by the nature of its business, is truly an “air carrier” (see e.g. Osborne v Enchantment Aviation, Inc., 112 Fed Appx 673, 674-675 [10th Cir 2004] [applying the plain meaning of FLSA § 213 (b) (3) and finding that the exemption applied to the defendant because it was an air carrier despite the fact that plaintiff was not represented by a union or collective bargaining agreement]; see also Valdivieso v Atlas Air, Inc., 305 F3d 1283, 1286-1287 [11th Cir 2002]; Thibodeaux v Executive Jet Inti., Inc., 328 F3d 742, 743-753 [5th Cir 2003]). Moreover, the *349 National Mediation Board (the administrative entity created by the RLA) itself applies the same test as do the courts when determining whether an employer is “subject to the Railway Labor Act” so as to subject its employees to the act (see New York Interstate Serv., Inc., 14 NMB 439, 441 [1987] [declaring that the National Mediation Board has firmly established a two-part test of first determining whether the work performed is traditionally done by employees of air carriers and, second, determining whether a carrier exercises ownership or control over the subject employer]). Here, plaintiff is employed by an air carrier and is thus subject to the FLSA exemption.
This court is mindful that the FLSA exemptions are to be narrowly construed against an employer (Patton v Thomson Corp., 364 F Supp 2d 263, 264 [ED NY 2005]). However, viewed as a whole, the exemption provisions of the FLSA “clearly indicate a deliberate purpose on the part of Congress to exclude certain business operations from the sweep of the statute.” (McComb v Hunt Foods, 167 F2d 905, 906 [9th Cir 1948].) In fact, all of the exemptions in FLSA § 213 address work in the transportation industry or relate to employment positions that, by virtue of the nature of the work and the employer’s operations, require employees to work a nontraditional workweek. (See 29 USC § 213.) As a baggage claim operator for Jet Blue Airways, plaintiff fits the statutory criteria for the exemption. Therefore, in light of the fact that there is no dispute that plaintiff is an employee of a carrier by air, this court is compelled to find, as a matter of law, that FLSA § 213 (b) (3) applies to him because the clear purpose of that statute was to exempt employees of air carriers. Accordingly, plaintiff is not entitled to IV2 times his regular rate in overtime pay. (See 12 NYCRR 142-2.2.)
Despite its clear purpose, plaintiff urges this court not to apply FLSA § 213 (b) (3) to him because he argues that the RLA only applies to union or collective bargaining disputes. Plaintiff contends that, since he is not represented by a union or employed under a collective bargaining agreement, he is without redress against Jet Blue’s overtime policies. This warrants a brief discussion of how the RLA applies to this case.
The RLA was enacted to prevent labor disputes from interfering with interstate commerce. (Terminal Railroad Assn. of St. Louis v Trainmen, 318 US 1, 6 [1943].) However, it “does not undertake governmental regulation of wages, hours, or working conditions. Instead, it seeks to provide a means by which agree *350 ment may be reached with respect to them.” (Id.; see also Santoni Roig v Iberia Líneas Aéreas de España, 688 F Supp 810, 815 [D PR 1988].) To facilitate this process it sets up a mandatory arbitral mechanism to handle “major” or “minor” grievances concerning rates of pay or working conditions. (Hawaiian Airlines, Inc. v Norris, 512 US 246, 252 [1994].) It does not, however, preempt state law or prevent a plaintiff from seeking relief based on independent statutory rights when a grievance is not a “major” or “minor” dispute within the context of a collective bargaining agreement (id. at 249; see also Santoni Roig, 688 F Supp at 813). Put differently, “[s]o long as plaintiffs allege to be entitled to relief provided by a legal source other than a collective bargaining agreement . . . the claim will not be preempted by the mandatory arbitration proceedings under the RLA” (Santoni Roig, 688 F Supp at 813). In this case, plaintiff Glenn Edwards is doing precisely that, seeking relief on independent state grounds in New York State Supreme Court, a recourse not preempted by the RLA or FLSA. The fact that he is not covered by a collective bargaining agreement is irrelevant to the applicability of the exemption contained in the FLSA as incorporated into the regulation promulgated pursuant to New York’s Labor Law. Moreover, even though he is subject to an FLSA exemption, he is still entitled to relief under 12 NYCRR 142-2.2 because it affords him protections beyond those provided by the FLSA.
Specifically, 12 NYCRR 142-2.2 states that, where an FLSA exemption applies, i.e., where an employee is not entitled to IV2 times his regular hourly rate, an employee is still entitled to “overtime at a wage rate of one and one-half times the basic minimum hourly rate” (12 NYCRR 142-2.2; see Manliguez v Joseph, 226 F Supp 2d 377, 389 [ED NY 2002] [holding that an exempt employee under the FLSA was still entitled to IV2 times the New York State minimum wage rate under 12 NYCRR 142-2.2]; see also Ballard v Community Home Care Referral Serv., 264 AD2d 747 [2d Dept 1999] [interpreting 12 NYCRR 142-2.2 and a FLSA exemption for domestic employees together to hold that a home health care aide was exempt under the FLSA and not entitled to overtime at IV2 times her regular rate]).
Relying on the documentation provided by plaintiff in his complaint, Jet Blue contends that it properly compensated plaintiff for all hours worked because, it argues, the reduced overtime rate in 12 NYCRR 142-2.2 should be calculated as the minimum wage rate plus one half the minimum wage rate. *351 However, in this case, plaintiff alleges that he was paid well over the minimum wage for all hours worked. Logic dictates that the Department of Labor would not penalize someone for earning above the minimum wage. Therefore, in a scenario such as this, where a plaintiff is earning more than minimum wage, yet is exempt from the FLSA, plaintiffs overtime pay under the reduced overtime provision of 12 NYCRR 142-2.2 should logically be calculated as equal to his regular pay rate plus one half times New York State’s minimum wage (but see Matter of Ray-mus [Roberts], 102 AD2d 154, 154 [3d Dept 1984] [noting the Wage Board’s decision to calculate the plaintiffs pay based on the 12 NYCRR 142-2.2 reduced overtime rate calculated as the current minimum wage rate plus one half times the minimum wage rate]).
The plaintiff alleges in the complaint that, for some workweeks, Jet Blue paid Edwards only his regular rate, between $13.50 and $15.20 per hour, for hours worked over 40. For other weeks, the documents annexed to the complaint show, next to the rows designated as “overtime pay,” that plaintiff was paid an increased rate between $20.25 and $22.80 per hour in addition to his regular rate, presumably for hours not exchanged with coworkers. From January 1, 2006, the date plaintiff alleges he was first improperly compensated, to December 31, 2006, New York’s minimum wage was $6.75 per hour (Labor Law § 652). Under the reduced overtime rate set forth in 12 NYCRR 142-2.2, plaintiffs pay for all hours worked over 40 should have been at least between $16.88 ($13.50 + $3.38 [one half the state’s minimum wage]) and $18.58 ($15.20 + $3.38 [one half the state’s minimum wage]). However, it is not possible to determine from the documents how plaintiffs pay rates were determined. For those workweeks where plaintiff alleges that he was only paid his regular rate for hours worked over 40, plaintiff states a cause of action because he was paid less than the reduced overtime rate set forth in 12 NYCRR 142-2.2.
On January 1, 2007, New York’s minimum wage increased to $7.15 per hour (Labor Law § 652). Since that time Jet Blue has paid Edwards only his regular rate of $15.20 per hour for hours worked over 40 for some workweeks. However, for other weeks, the rows designated “overtime pay” in the documents annexed to the complaint show that plaintiff was paid at a rate between $20.25 and $22.80 in addition to his regular rate for some workweeks. Under the reduced overtime rate set forth in 12 NYCRR 142-2.2, plaintiff’s pay should have been $18.78 ($15.20 *352 [plaintiffs hourly rate] + $3.58 [one half the state’s minimum wage]). Therefore, for those workweeks where plaintiff alleges that he was only paid his regular rate of $15.20 per hour for hours worked over 40, plaintiff states a cause of action.
It is noted, however, that the parties did not submit factual affidavits on this motion and thus did not explain, in detail, Jet Blue’s overtime policy or how Mr. Edwards was actually compensated. Moreover, although the Commissioner of Labor is statutorily charged with the authority to determine appropriate wage rates in light of the regulations established by the Commissioner, no evidence or argument has been adduced with respect to the Commissioner’s prior exercise of this administrative authority in the circumstances presented here. Therefore, the court, in according the pleading the deference to which it is entitled on a motion to dismiss and accepting its factual averments as true (Campaign for Fiscal Equity, 86 NY2d at 318), can only apply the wage rate and hours worked as they are alleged in the complaint when calculating the 12 NYCRR 142-2.2 reduced overtime rate for Mr. Edwards. As a result, the court finds that the plaintiff states a cause of action because he has, at a minimum, alleged that defendant has inadequately compensated him for overtime under New York law, which affords him the benefit of at least his regular rate plus one half times the minimum hourly rate for overtime. Accordingly, defendant’s motion must be denied.